UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
GABRIEL MOSES BURKE,

                Plaintiff,                           **REPORT AND**
                                                                   **RECOMMENDATION**
      -against-                             23-CV-2742 (OEM) (TAM)

FIEN COFFEE,

                Defendant.
------------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

       On April 12, 2023, Plaintiff Gabriel Burke ("Plaintiff") filed a complaint against Defendant Fien Coffee ("Defendant"), alleging claims for injunctive relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.* (*See* Compl., ECF No. 1.) On May 31, 2023, Plaintiff filed an affirmation of service stating that, on May 19, 2023, Plaintiff served a copy of the summons and complaint on Defendant by personally serving an individual identified as the "Manager/Managing Agent" of Defendant. (Aff. of Service, ECF No. 9.)

       On June 26, 2023, Judge Cogan adjourned a previously scheduled initial conference without date, "provided that plaintiff shall request an entry of default" by June 28, 2023, "and move for default judgment within 14 days after the Clerk enters the default." (June 26, 2023 ECF Scheduling Order.) The next day, Plaintiff requested a certificate of default. (Req. for Cert. of Default, ECF No. 10.) Two days later, on June 29, 2023, the Clerk of Court denied Plaintiff's request, noting that "[t]he docket does not indicate that a summons was ever issued for this matter," and directing Plaintiff to provide the Clerk's office with a copy of the summons if Plaintiff has one. (June 29, 2023

ECF Req. for Cert. of Default Denied.) That same day, Judge Cogan issued an order to show cause that stated as follows:

> Plaintiff's counsel is ORDERED TO SHOW CAUSE by 7/6/23 why monetary sanctions or other sanctions, including dismissal, should not be imposed for filing a false affidavit of service [] representing that the summons had been served. How could counsel represent that defendant had been served with the summons when counsel had never asked the Clerk of Court to issue a summons? Plaintiff's counsel is further advised that if truthful proof of service is not filed by 7/13/2023, this action will be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

(June 29, 2023 ECF Order to Show Cause.) Plaintiff filed a proposed summons later that day. (Proposed Summons, ECF No. 11.)

On June 30, 2023, counsel for Plaintiff responded to the order to show cause, explaining that the "fail[ure] to ensure a Summons was properly requested before this Court, and that . . . all necessary documents were present before filing the Request for a Certificate of Default" was an "unintentional oversight" resulting from staffing issues at the firm. (Resp. to Order to Show Cause, ECF No. 12, ¶5.) That same day, the Clerk of Court issued a summons to Defendant. (Summons Issued, ECF No. 13.) Shortly thereafter, the case was reassigned from Judge Cogan to the Honorable Orelia E. Merchant. (July 6, 2023 ECF Entry.)

Over five months later, on December 15, 2023, counsel of record filed a motion to withdraw, explaining that her "association with the firm of Johnson Litigation Group, P.C., and its clients has ended as of December 10, 2023," and confirming that Plaintiff will continue to be represented by the firm by a different attorney. (Mot. to Withdraw, ECF No. 14; Decl. in Supp. to Relieve Deborah R. Kick, Esq. as Counsel for Plaintiff, ECF No. 15, ¶¶ 2–3.) On January 8, 2024, the case was referred to the undersigned magistrate judge, and on January 9, 2024,

the Court granted the motion to withdraw and directed new counsel, Kevin S. Johnson, to enter a notice of appearance as soon as is practicable. (*See* Jan. 8, 2024 ECF Order Referring Case; Jan. 9, 2024 ECF Order.)

On February 23, 2024, the Court again ordered Mr. Johnson to enter a notice of appearance, this time by March 8, 2024, and directed Plaintiff's original counsel, who had not formally withdrawn from the case, to send a copy of such order to Mr. Johnson and to file proof of same by March 1, 2024. (Feb. 23, 2024 ECF Order.) The Court further noted that "on 6/29/2023, the Honorable Brian M. Cogan indicated that if Plaintiff failed to file proof of service by 7/13/2023, the case would be dismissed under Fed. R. Civ. P. 4(m). To date, Plaintiff has not filed proof of service." (*Id.*) The Court ordered Plaintiff to file proof of service by March 8, 2024, warning that "**failure to do so will result in this Court promptly recommending that the case be dismissed without prejudice.**" (*Id.* (emphasis in original).) On April 5, 2024, the Court ordered Plaintiff "to show cause by **4/12/2024** why this case should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure." (Order to Show Cause, ECF No. 16.) To date, Plaintiff has not filed proof of service nor responded to the order to show cause.

Rule 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). In addition, Federal Rule of Civil Procedure 16(f) states that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Under Rule 37(b)(2)(A)(v), the Court may dismiss an action for a party's failure to comply with a court order. *See* Fed. R. Civ. P. 37(b)(2)(A)(v).

3

## CONCLUSION

Here, as noted above, Plaintiff has failed to comply with repeated orders directing Plaintiff to file proof of service. Accordingly, for the foregoing reasons, it is respectfully recommended that this case be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *See, e.g., Retrospective Goods, LLC v. T&M Invs. Int'l, LLC*, No. 20-CV-6201 (AMD) (RER), 2022 WL 2161935, at *6 (E.D.N.Y. May 20, 2022), *report and recommendation adopted*, No. 20-CV-6201 (AMD) (RER), 2022 WL 2161384 (E.D.N.Y. June 15, 2022).

\*   \*   \*   \*   \*

Objections to this Report and Recommendation must be filed, with a courtesy copy sent to the Honorable Orelia E. Merchant at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen days of filing. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g., Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate[] [judge's] decision") (quotation marks omitted)).

**SO ORDERED.**

Dated: Brooklyn, New York
April 18, 2024

*Taryn A. Merkl*
_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE